No. 10,181
Orleans

R. P. FARNSWORTH & CO., Appellant, v. FREY GROCERY AND POULTRY CO., INC.

(January 4, 1926, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Builders and Buildings—Par. 12.**

A contractor in possession of a building he is erecting has a right, as regards a prospective lessee, to prevent him from entering into, and interfering with, the building until it is completed and accepted.

Appeal from the First City Court, Hon. W. V. Seeber, Judge.

This is a suit for the value of labor furnished to a building. There was judgment for plaintiff in part and plaintiff appealed.

Judgment amended and affirmed.

P. H. Stern, of New Orleans, attorney for plaintiff, appellant.

Alex. W. Swords, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the value of labor and materials furnished.

The plaintiff alleged that in June, 1924, at the request of the defendant, they built for it, chicken coops at their place of business 1539 Canal Street on the basis of cost plus ten per cent; that the material and labor amounted to_____$243.15

and ten per cent thereof_____ 24.31

making a total of_____$267.46

which the defendants refused to pay.

The defendant admitted the contract but denied the cost.

Further answering it alleged that the plaintiffs were constructing a building on Villere Street which to plaintiffs' knowledge the defendant had taken under a lease to begin June 1, 1924; that the lessor of

said premises gave possession of them to defendant on June 1, 1924, but that plaintiff refused to allow defendant to occupy said premises until June 15, 1924; that the defendant notified the plaintiffs that it would hold them liable in damages for all the time that it would be kept out of said premises to which plaintiff agreed; that defendant suffered a loss of $165 which represents the rent for one-half month during which defendant was kept out of said premises and which it paid to its lessor. The defendant therefore prays that plaintiffs' claim be reduced by said sum of $165.

There was judgment for plaintiff for the amount claimed, $267.45, subject to a credit of $129.96 leaving a balance of $137.49.

The plaintiff has appealed.

The evidence is that the plaintiff had a contract with Carbajal the owner to erect a building; that the building was not completed on June 1st nor until June 18th or 26th; that the defendant prior to June 15th, sent a painter to do some painting; that the plaintiff prevented the painter from working for fear that the flooring that they were putting down would be spoiled by the paint; in other respects they did not prevent the defendant from taking possession of the building insofar as it would not interfere with their work. In this respect we think they had a right so to do; the building was their property and under their exclusive control until it was completed and accepted.

If defendant could not take possession of the building it had rented, it should have complained to the lessor which it never did. Surely plaintiff was under no contract with defendant to deliver the building to it at any time. The plaintiff could be liable to the defendant only in case he had wantonly prevented defendant from taking possession.

There is no preponderance of evidence that plaintiff promised to pay the defendant in the manner set forth in its answer.

The defendant swears to it, it is not corroborated in any manner.

The plaintiff denies it. He was not likely to make such promise when he was under no obligation to deliver the building at any specific time.

It is therefore ordered that all that portion of the judgment which allows the defendant a credit of One Hundred and Twenty-nine 96-100 dollars be reversed and set aside, and that in other respects said judgment be affirmed at the cost of defendant in both courts.